IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00066-RMR-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     MATTHEW CHRISTOPHER HARRIS,

      Defendant.

ORDER OF DETENTION

      THIS MATTER came before the Court for a detention hearing on February 23, 2022.

      The government is requesting detention in this case. The defendant did not contest detention and neither side offered argument beyond the contents of the bail report. In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

      In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be

established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including–

  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following: Defendant has been charged by Indictment with two counts of making threats in interstate commerce in

violation of 18 U.S.C. § 875(c); one count of making a false statement to a firearm dealer in violation of 18 U.S.C.§ 922(a)(6); and one count of possession of ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(4).  The court notes that Defendant has resided in Colorado for less than a year, and he reports as self-employed.  The court further notes that the Affidavit in support of the criminal Complaint indicates that Defendant made threats of a mass shooting directed at various individuals associated with the University of California, Los Angeles and others in Colorado in an 803-page "manifesto."  Defendant did not challenge detention.

After considering all appropriate factors, I conclude that the preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.  Further, I conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably insure the safety of other persons, including the defendant, or the community.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney

for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: February 23, 2022

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge