IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Criminal Case No. 22-cr-00066-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MATTHEW CHRISTOPHER HARRIS,

    Defendant.

## ORDER OF COMMITMENT PURSUANT TO 18 U.S.C. § 4241(d)

    This matter is before the Court on the issue of Defendant's competency. On October 4, 2022, counsel for Defendant filed a motion (ECF No. 47) for determination of Defendant's competency to stand trial. In response to this motion, the government joined in the request. The parties jointly agreed to a local psychiatric examination by Dr. Leah Brar, a forensic psychiatrist. (ECF No. 48.) Thereafter, Defendant was the subject of a forensic evaluation conducted by Dr. Brar. This evaluation concluded that Defendant is presently suffering from a mental disease or defect rendering him incompetent to proceed at this time. Following receipt of the report of evaluation (ECF No. 51), a hearing was held on January 27, 2023, attended by counsel for the parties as well as the Defendant.

    Based on these matters and the Court's review of the file:

    1.    The Court finds by a preponderance of the evidence that the Defendant is presently suffering from a mental disease or defect rendering him mentally

    incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2. Accordingly, pursuant to 18 U.S.C. § 4241(d), the Defendant is ORDERED to be COMMITTED to the custody of the Attorney General.

3. It is further ORDERED that the Attorney General shall hospitalize Defendant for treatment in a suitable facility:

 (1) for such a reasonable period of time, not to exceed four months, as necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

 (2) for an additional reasonable period of time until -

  (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

  (B) the pending charges against him are disposed of according to law;

whichever is earlier.

4. If, at the end of said period, Defendant's mental condition has not sufficiently improved as to permit the proceedings in this matter to go forward, Defendant is subject to the provisions of 18 U.S.C. §§ 4246 and 4248[1].

---

[1] There are currently no facts known to the Court which would support a §4248 commitment.

5. If, at the end of said period, Defendant's mental condition has so sufficiently improved, the Court will thereafter issue separate orders as may be necessary for evaluation of insanity at the time of offense - a matter as to which the government has deferred a request for examination due to the nature of Defendant's current mental condition.

6. And it is finally further ORDERED that a written report as to the matters set forth in paragraph 3, above, shall be filed with the Court no later than 120 days after Defendant's arrival at the facility in which he shall be hospitalized.

DATED this 27th day of January, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge