IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-00066-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MATTHEW CHRISTOPHER HARRIS,

    Defendant.

## JOINT MOTION FOR A BENCH TRIAL TO THE COURT

The United States of America, by and through Matthew T. Kirsch, Acting United States Attorney for the District of Colorado, and Alison Connaughty, Assistant United States Attorney, and counsel for Mr. Harris, respectfully file this joint Motion for a Bench Trial to the Court.

### PROCEDURAL HISTORY

On June 21, 2022, Mr. Harris filed a Notice of Insanity Defense [ECF #41]. On October 4, 2022, Mr. Harris filed a Motion for Competency Hearing [ECF #47]. On January 27, 2023, a Competency Hearing was held and the court made a preliminary finding of incompetency [ECF #58]. The Bureau of Prisons designated the defendant to the Federal Medical Center in Devens, Massachusetts, for evaluation and treatment on February 1, 2023. On May 30, 2023, the parties filed a Joint Notice to the Court Regarding Pending Mental Condition Report updating the Court on the anticipated schedule of the Bureau of Prisons to transfer Mr. Harris to a Federal Medical Center for treatment in early to mid-October [ECF #62]. At a hearing on May 31, 2023, the Court

ordered the parties to file a status report regarding Mr. Harris' placement on or before October 31, 2023 [ECF #65]. The Court further ordered the parties to file a written report no later than 120 days after the defendant's arrival at the facility in which he will be hospitalized.

On February 22, 2024, the parties received the evaluation finding Mr. Harris competent [ECF #70]. The Court held a status conference on April 9, 2024, and found that Mr. Harris was competent and could proceed to trial [ECF #76]. The Court granted the oral request of the parties to extend the speedy trial clock to September 21, 2024 [ECF #78]. The Court also granted the government's request to have Mr. Harris independently evaluated on the defense of insanity pursuant to 18 U.S.C. § 4242(a). The Court set dates for the proceedings, with a trial preparation conference scheduled on September 10, 2024, and a four-day jury trial to commence on September 16, 2024 [ECF #78].

The parties received the government evaluation regarding the defense of insanity on July 11, 2024 [ECF #79].

## **REQUEST FOR A BENCH TRIAL**

The parties respectfully ask this Court to convert the presently scheduled jury trial to a bench trial to the Court. The parties ask the Court to set aside a partial day on September 16th or 17th, 2024, during the presently scheduled jury trial. The parties also respectfully ask this Court to vacate the September 10, 2024, pretrial conference as unnecessary. Mr. Harris is willing to waive his right to a jury in writing as required by Federal Rule of Criminal Procedure 23, and the government consents to such a waiver. If the Court grants this request, the parties respectfully ask to submit Mr. Harris' waiver

of a jury to the Court by the presently scheduled motions deadline of August 12, 2024. The parties also ask to submit a stipulated set of facts that are agreed upon by both parties, and proposed findings of fact and conclusions of law by August 12, 2024. The defense anticipates admitting as exhibits two evaluations of Mr. Harris regarding whether he was insane at the time of the crime without objection by the government: an evaluation performed by a private evaluator that the Court does not yet have, and the evaluation ECF #79. The defense respectfully asks to submit these exhibits and a corresponding exhibit list to the Court by August 12, 2024, and the government will not object to the admission of these exhibits at the bench trial. The government will have no exhibits. The parties do not anticipate calling witnesses at trial.

If the Court grants this motion, the parties will ask the Court to make a determination on the existence of insanity at the time of the offense pursuant to 18 U.S.C. § 4242(b). The parties will not contest that the defense is able to meet their burden, by clear and convincing evidence, that at the time of the commission of the acts constituting the offense, Mr. Harris, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts pursuant to 18 U.S.C. § 17. The parties ask this Court to make findings at the conclusion of the proceeding pursuant to Federal Rule of Criminal Procedure 23(c).

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By: *s/Alison Connaughty*
ALISON CONNAUGHTY
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0108
Fax:  303-454-0406
E-mail:  Alison.Connaughty@usdoj.gov
Attorney for the Government

FOR THE DEFENDANT

By: *s/Nancy Kardon*
NANCY KARDON, ESQ.
Kardon Law, Inc.
4770 Baseline Rd, Suite 200
Boulder, CO 80303
Telephone: (310) 902-7837
E-mail:  nkardon@kardonlaw.com

By: *s/Ed Robinson*
EDWARD M. ROBINSON, ESQ.
21515 Hawthorne Blvd, Suite 730
Torrance, CA 90503
Telephone: (310) 995-9332
E-mail:  eroblaw@gmail.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 5, 2024, I electronically filed the foregoing **MOTION FOR A BENCH TRIAL TO THE COURT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

               *s/Maggie Grenvik*
               Legal Assistant
               U.S. Attorney's Office