Case 1:20-cr-00131-ABJ   Document 92   Filed 10/01/24   Page 1 of 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,       )
                                )
        v.                      )
                                )   Crim. Action No. 20-0131 (ABJ)
ALEXANDER ALAZO,                )
                                )
        Defendant.              )
                                )

## ORDER

This matter came before the Court upon the July 18, 2024, recommendation by the Bureau of Prisons Federal Medical Center in Rochester, Minnesota for the conditional release of the defendant, Alexander Alazo, to reside in the community filed pursuant to 18 U.S.C § 4243(f) and upon the July 26, 2024, approval of the conditional release plan by the United States Probation Office for the Middle District of Pennsylvania.

By Order dated May 1, 2024 [Dkt. # 87], following Mr. Alazo's entry of a plea of not guilty by reason of insanity to four offenses arising out of his April 30, 2020, armed attack on the Cuban Embassy in Washington, D.C.:

> Count One: Violent Attack on an Official Premises Using a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 112(a);
>
> Count Two: Willfully Injuring or Damaging Property Belonging To or Occupied By a Foreign Government, International Organization, Foreign Official, or Official Guest, in violation of 18 U.S.C. § 970(a);
>
> Count Three: Interstate Transportation of a Firearm and Ammunition with Intent to Commit a Felony, in violation of 18 U.S.C. § 924(b); and
>
> Count Four: Using, Brandishing, and Discharging a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)

EXHIBIT A

Indictment [Dkt. # 18], this Court ordered that Mr. Alazo undergo an evaluation pursuant to 18 U.S.C. § 4243(b) and § 4247(b) and (c). On July 18, 2024, the parties received the resulting forensic evaluation of Dr. Kristina Lloyd, Psy. D., on behalf of the Bureau of Prisons ("BOP"). Dr. Lloyd's report concluded that Mr. Alazo does suffer from a mental illness such that when untreated, he poses a substantial risk of bodily injury to another person due to that mental illness. Dr. Lloyd further concluded that Mr. Alazo's mental illness is currently controlled by medication and in remission, and that the risk he poses can be mitigated sufficiently by a conditional release plan. Thereafter, on or about July 26, 2024, the BOP submitted their proposed conditions of release.

The parties agree that Dr. Lloyd's evaluation presents sufficient evidence supporting the defendant's commitment pursuant to § 4243(e); that "an unconditional release would continue to pose a substantial risk of bodily injury to another person or serious damage to the property of another as a result of a mental disease or defect;" but that Mr. Alazo is suitable for conditional release under conditions that would mitigate his risk for future violence.

Based upon the representations herein, the BOP recommendation, Dr. Lloyd's report, the approval of the release plan by United States Probation Office, the matters discussed at the hearing conducted in this case on October 1, 2024, and the statements of the parties, including the representations that there is no opposition to the granting of conditional release to Mr. Alexander Alazo under the terms detailed herein, and the entire record, the Court finds that Mr. Alexander Alazo, has met his burden, pursuant to 18 U.S.C. § 4243(d) and 18 U.S.C. § 4243(f), of establishing by clear and convincing evidence that he would not pose a danger to others or the property of others, if conditionally released as described below.

Accordingly, it is by the Court this 1st day of October, 2024,

**ORDERED**, that Mr. Alexander Alazo, is hereby committed to the custody of the Attorney General pursuant to § 4243(e). It is

**FURTHER ORDERED**, that as of **October 15, 2024,** Mr. Alexander Alazo, shall be conditionally released from his commitment pursuant to § 4243(f) in the following manner:

1. Mr. Alazo shall be released from BOP custody to reside in the community with his wife, Marianys Alazo, and his mother, Esther Baro, at their home located at ▮ ▮. Mr. Alazo shall not make any change in his residence without advance approval from his mental health treatment providers, the Supervising U.S. Probation Officer, and the Court. (BOP Condition 1)

2. Mr. Alazo shall sleep at his designated residence every night unless he receives prior approval from his U.S. Probation Officer. (BOP Condition 4)

3. Mr. Alazo shall remain under the supervision of the United States Probation Office for the Middle District of Pennsylvania until further order of the Court and shall comply with all standard conditions of supervision, and any other conditions adopted by the U.S. Probation Office, as well as the specific conditions set forth herein. (BOP Condition 12). Mr. Alazo shall meet personally with his assigned Probation Officer within U.S. Probation Office, for the Middle District of Pennsylvania within one week of his arrival at his home and as often as required thereafter by the Probation Office, but no less frequently than once per month. The Probation Office shall provide the Court with a status report within thirty days of the commencement of supervision.

4. Mr. Alazo shall receive psychiatric treatment from a licensed psychiatrist at the Pennsylvania Psychiatric Institute, or another mental health facility as approved by the U.S. Probation Officer. Mr. Alazo shall appear for an intake assessment with Ailyn

3

Diaz, MD, or other psychiatrist at the Institute, within two weeks of his arrival at his home. That psychiatrist will establish a therapeutic and diagnostic treatment plan, which may include oral and injectable psychotropic medications, and also individual therapy and daily structured activity, and it should specify the nature and frequency of recommended therapeutic appointments or programmatic activities. The Probation Officer shall inform the Court of the treatment plan once it is established, and this Order will be modified to include the specifics of the plan. Mr. Alazo must comply with all treatment recommendations including taking all prescribed oral and injectable psychotropic medications and shall attend all appointments as scheduled. Mr. Alazo must take any oral medication prescribed in the presence of his wife, who will maintain a contemporaneous log of all medications taken and provide that log to the Probation Officer upon request. Mr. Alazo shall not change his mental health treatment provider without advance approval of the U.S. Probation Officer and notice to the Court. (BOP Conditions 2 and 5)

5. Mr. Alazo shall comply with all recommendations for participation in a structured daily activity which may include a psychiatric day program, vocational training, or employment.

6. Mr. Alazo shall waive his rights to confidentiality regarding his mental health treatment to allow sharing of information with the Court, Supervising U.S. Probation Officer, U.S. Attorney's Office, and defense counsel. (BOP Condition 12)

7. The U.S. Probation Officer shall maintain regular contact with Mr. Alazo's treating psychiatrist to confirm compliance with prescribed treatment and medication. He may be required to submit to serum blood testing to verify maintenance of a therapeutic

level of prescribed medication. The U.S. Probation Officer shall immediately notify the Court and counsel if Mr. Alazo fails to comply with recommended treatment and prescribed medication. His refusal to comply may result in his return to custody. (Condition 8)

8. As directed by the U.S. Probation Officer, Mr. Alazo shall notify third parties of risk that may be occasioned by his criminal record, personal history, or characteristics, and shall permit the U.S. Probation Officer to make such notifications and confirm his compliance with such notification requirement.

9. Mr. Alazo shall not possess at any time actual or imitation firearms, destructive devices including flammable liquids, or other deadly weapons. He shall not reside in any home that has actual or imitation firearms, destructive devices including flammable liquids (excluding cooking oil) or other deadly weapons. He shall submit to search without warrant at the request of a U.S. Probation Officer or any law enforcement officer of his person, and property, including vehicle or premises for the purpose of determining compliance with this condition. (BOP Conditions 9 and 11)

10. Mr. Alazo shall be restricted from travel outside the Middle District of Pennsylvania except with the prior approval of the U.S. Probation Officer and the Court. The U.S. Probation Officer shall provide prior written notification to the Court and counsel of Mr. Alazo's intention to travel at least seven business days prior to the date of intended travel. (Modified from BOP Condition 3)

11. Mr. Alazo shall stay away from (1) all Cuban government establishments in the United States, including the current locations of the Cuban Embassy/Consulate in Washington, D.C., and the Permanent Mission of Cuba to the United Nations in New York, New

York, as well as any future locations of all Cuban government establishments in the United States; and (2) all Cuban government employees of such establishments.

12. Mr. Alazo shall not commit a federal, state, or local crime, and shall immediately notify his U.S. Probation Officer if he is arrested or questioned by any law enforcement officer. He shall not associate with any persons engaged in criminal activity. (BOP Conditions 10 and 11)

13. Mr. Alazo shall abstain from the use of alcohol, illegal narcotic substances, marijuana, synthetic cannabinoids, or other drugs. He may be required to submit to testing for use of drugs and alcohol at the direction of the U.S. Probation Officer or his mental health treatment provider. If Mr. Alazo tests positive for alcohol or illegal drug use, he may be taken into custody and returned to Court for further action. (BOP Conditions 7 and 8)

14. If Mr. Alazo's mental condition deteriorates or he violates the conditions of release such that he poses a danger to others or the property of others and is thus, is no longer appropriate for continued residence in the community, the psychiatric treatment provider and/or the U.S. Probation Officer shall immediately notify the Court and counsel. Mr. Alazo shall be taken into custody or hospitalized at a local facility as clinically indicated. Thereafter, a status hearing shall be set within 14 calendar days in order to determine whether Mr. Alazo's conditional release should be revoked, or the conditions of release should be modified. He may not return to the community without Court approval. (BOP Condition 14)

15. The U.S. Probation Office shall file semi-annual reports with the Court, or more frequently, if ordered, with copies to the U.S. Attorney's Office in Washington D.C. and defense counsel.

16. The Court will transfer the defendant's supervision to the Middle District of Pennsylvania, but it will retain jurisdiction for the time being.

**SO ORDERED.**

*Amy B Jackson*
AMY BERMAN JACKSON
United States District Judge

DATE: October 1, 2024